**BURSOR & FISHER, P.A.**
L. Timothy Fisher (Bar No. 191626)
Elvia M. Lopez (State Bar No. 331986)
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
elopez@bursor.com
slitteral@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JENILE THAMES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MARS, INC.,

Defendant.

Case No. 3:22-cv-04145-JD

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; MEMORANDUM OF LAW IN SUPPORT**

Date: October 6, 2022
Time: 10:00 a.m.
Courtroom: 11, 19th floor
Judge: Hon. James Donato

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on October 6, 2022 at 10:00 a.m. or as soon thereafter as counsel may be heard by the Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 11, 19th Floor in the Courtroom of James Donato, Plaintiffs will and hereby do move the Court for an order appointing Bursor & Fisher, P.A. as interim class counsel.

The request to appoint interim class counsel is made pursuant to Federal Rule of Civil Procedure 23(g)(3) and on the grounds that appointing interim class counsel is in the best interests of the proposed classes and would allow for efficient progression toward class certification and trial.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Law, the Declaration of L. Timothy Fisher and exhibits thereto, the pleadings and papers on file herein, and upon such matters as may be presented to the Court at the time of the hearing.

Dated: August 19, 2022

**BURSOR & FISHER, P.A.**

By: /s/ *L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (Bar No. 191626)
Elvia M. Lopez (State Bar No. 331986)
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
elopez@bursor.com
slitteral@bursor.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION ..... 1

II. STATEMENT OF ISSUE TO BE DECIDED ..... 1

III. BACKGROUND ..... 1

IV. ARGUMENT ..... 2

A. Proposed Interim Counsel is Best Suited to Represent the Class's Interests ..... 2

1. Proposed Interim Class Counsel Did Extensive Work Identifying and Investigating Potential Claims ..... 4

2. Proposed Interim Class Counsel Has Considerable Experience Handling Class Actions ..... 6

3. Proposed Interim Class Counsel's Is Knowledgeable Regarding the Applicable Law ..... 8

4. Proposed Interim Class Counsel Will Commit to the Case Whatever Resources Are Necessary ..... 8

5. Proposed Interim Class Counsel Will Reflect the Diversity of the Class and the Bar and Feature Newer Lawyers ..... 9

V. CONCLUSION ..... 11

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Chacanaca v. Quaker Oats Co.*,
2011 WL 13141425 (N.D. Cal. June 14, 2011) ........ 3, 5

*Dawood v. Gamer Advantage LLC*,
2022 WL 3108846 (E.D. Cal. Aug. 4, 2022) ........ 8

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. 2014) ........ 7

*Forcellati v. Hyland's, Inc.*,
2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ........ 7

*Hart v. BHH, LLC*,
2017 WL 2912519 (S.D.N.Y. July 7, 2017) ........ 7

*In re GSE Bonds Antitrust Litig.*,
377 F. Supp. 3d 437 (S.D.N.Y. 2019) ........ 5

*In re Robinhood Outage Litigation*,
2020 WL 7330596 (N.D. Cal. July 14, 2020) ........ 3

*In re Scotts EZ Seed Litig.*,
304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) ........ 7

*In re Trader Joe's Tuna Litig.*,
2016 WL 7407329 (C.D. Cal. Dec. 21, 2016) ........ 3

*Martinelli v. Johnson & Johnson*,
2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) ........ 7

*Melgar v. Zicam LLC*,
2016 WL 1267870 (E.D. Cal. Mar. 31, 2016) ........ 7, 9

*Melgar v. Zicam, LLC*,
2014 WL 5486676 (E.D. Cal. Oct. 29, 2014) ........ 3

*Tolmasoff v. Gen. Motors, LLC*,
2016 WL 3548219 (E.D. Mich. June 30, 2016) ........ 3

**RULES**

Fed. R. Civ. P. 23 ........ 3, 5, 6, 7

Fed. R. Civ. P. 23(c)(1) ........ 6

Fed. R. Civ. P. 23(g)(1) .......... 3, 4, 6, 8

Fed. R. Civ. P. 23(g)(3) .......... i, 1, 2

**OTHER AUTHORITIES**

Annotated Manual for Complex Litigation, § 21.11 (4th ed. 2017).......... 3

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiff Jenile Thames moves for an order appointing Bursor & Fisher, P.A. ("Bursor & Fisher") as interim class counsel. Bursor & Fisher has substantial experience in litigating nationwide consumer class actions, knowledge of the applicable law, and substantial resources. Importantly, Bursor & Fisher conducted extensive investigative work over several months to develop this case, which to Plaintiff's knowledge, is the first ever consumer class action concerning titanium dioxide. With the knowledge gained from the substantial effort dedicated to this matter, complemented by the firm's extensive class action experience, Plaintiff respectfully submits that Bursor & Fisher is the firm best able to represent the class. Appointment of interim class counsel will create one unified, well-informed voice for the putative classes, will promote efficiency, and will conserve judicial resources.

## II. STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should appoint Bursor & Fisher to serve as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

## III. BACKGROUND

On July 14, 2022, Plaintiff Jenile Thames filed this putative class action against Defendant MARS, Inc. ("Mars" or "Defendant"). The complaint alleges claims on behalf of a nationwide class and California subclass (the "*Thames*" action). *See generally* Dkt. No. 1 ("*Thames* Compl."). The gravamen of the *Thames* action is that Defendant fails to "notify consumers like Plaintiff that the Products are unsafe to consumers, contain heightened levels of titanium dioxide, and should otherwise be approached with caution." *See id.* ¶ 9. The *Thames* action currently alleges claims for breach of implied warranty, violations of the UCL, CLRA, and FAL, various fraud claims, and unjust enrichment. *Id.* ¶¶ 10, 61-156.

This case is at the forefront of litigation focusing on consumers' growing concern about harmful chemicals in consumer products, and as noted, is the first consumer class action concerning the use of titanium dioxide, a "known toxin." *See id.* ¶ 1; Declaration of L. Timothy Fisher ("Fisher Decl.") ¶ 3. Well-aware of the technical complexities underlying this case, Plaintiff's counsel conducted extensive factual and legal research over several months, and they carefully developed a

case theory and strategy informed by their understanding of the technical aspects of the alleged conduct at issue. Plaintiff's case theory was borne out by consumer outcry following the filing of the *Thames* complaint, which was covered extensively across various media platforms, including the *New York Times*. *See* Fisher Decl. ¶ 3, Ex. A. However, following such extensive coverage, the *Thames* action spawned a copycat case, styled *William Mignin, III v. Mars, Inc.*, 22-cv-04243 (N.D. Illinois 2022) (the "*Mignin*" action), seeking relief on behalf of a putative class based on allegations that were lifted from the original complaint in the *Thames* action. Fisher Decl., ¶ 5. As shown by the allegations copied word for word in the *Mignin* Complaint, that underlying investigation relied on the investigation of Mr. Thames' counsel. *See id.* ¶ 6, Ex. B (compare copy of *Mignin* complaint). And critically, in an apparent rush to file the case, Mr. Mignin's counsel failed to provide adequate notice to Defendant concerning its warranty claims, alleging that the complaint itself served as notice. *Compare Mignin* Compl. ¶¶ 152-53 *with* Fisher Decl. ¶ 7.

Importantly, Plaintiff's counsel has little doubt that this case will likely be hard fought and will delve into complex scientific evidence, requiring interim counsel who can employ the knowledge gained from extensive investigative efforts to effectively and efficiently prosecute the case. Additionally, the primary litigation team on this case features young attorneys that reflect the diversity of the putative class and the bar. Respectfully, Plaintiff submits that Bursor & Fisher provides the best counsel to represent the interests of the class. Accordingly, for these reasons, and the reasons described further below, the *Thames* Plaintiff moves for appointment of his counsel as interim class counsel to promote judicial efficiency and to ensure that, going forward, there is one unified, well-informed voice for Plaintiff and the putative class.

## IV. ARGUMENT

### A. Proposed Interim Counsel is Best Suited to Represent the Class's Interests

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." The appointment of interim class counsel is recommended early in the litigation, prior to class certification, because it "clarifies responsibility for protecting the interests of the class during

precertification activities." *See Chacanaca v. Quaker Oats Co.*, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011); *see also Annotated Manual for Complex Litigation*, § 21.11 (4th ed. 2017) (the "*Manual*"). "Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions . . . ." *Tolmasoff v. Gen. Motors, LLC*, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016); *see also* Advisory Committee Notes, 2003 Amendment (appointing interim class counsel is "appropriate" where—as here—there is "rivalry or uncertainty" about who is acting on behalf of the putative class).

While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See*, *e.g.*, *In re Trader Joe's Tuna Litig.*, 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016) (applying Rule 23(g)(1) factors when appointing Bursor & Fisher as interim class counsel); *Melgar v. Zicam, LLC*, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014) (same). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1). Additionally, this Court has emphasized that interim class counsel appointments "should reflect the diversity of the proposed national class" and that "leadership roles should be made available to newer and less experienced lawyers." *In re Robinhood Outage Litigation*, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020). As detailed below, each of these considerations supports the appointment of Bursor & Fisher as interim class counsel.

//

//

### 1. Proposed Interim Class Counsel Did Extensive Work Identifying and Investigating Potential Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. **All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks**.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Bursor & Fisher's work in identifying and investigating the claims in this case demonstrates that it has and will continue to fairly and adequately represent the putative classes. Among other tasks, Bursor & Fisher performed the following investigative work thus far:

a) Identified and developed potential legal claims, ultimately seeking those that best fit the case and offered a comprehensive set of remedies;

b) Researched and analyzed Defendant's representations over the past several years;

c) Investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients;

d) Evaluated Defendant's likely defenses based on extensive factual and legal research;

e) Investigated the adequacy of the named Plaintiff to represent putative classes;

f) Researched and analyzed numerous scientific articles, research papers, governmental publications, and chemistry reference material;

g) Investigated potential consulting experts regarding the technical aspect of Defendant's conduct;

h) Investigated the potential damages model for the claims in this action;

i) Researched Defendant's corporate structure;

j) Drafted and served notice letters to the Defendant in this action;

k) Drafted and filed the Complaint in this action;

Fisher Decl. ¶ 2. These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

Notably, courts within this district have strongly weighed the considerable involvement of counsel from the outset of litigation. *See Williams v. Facebook, Inc.*, 18-cv-01881, (N.D. Cal. June 26, 2018), ECF. No. 51 at *2-3 (appointing as interim lead counsel Bursor & Fisher, which "completed the most pre-complaint investigative work"); *Chacanaca*, 2011 WL 13141425, at *3 (finding that the drafting counsel's involvement in the litigation from the outset set it apart). As previously noted, with the benefit of the *Thames* complaint, Plaintiff Mignin and his counsel filed a duplicative action several weeks after the initial complaint was filed.

The *Mignin* case also seeks to represent a nationwide class based on the exact same factual allegations. However, Bursor & Fisher "has been involved in this litigation from the outset," and developed the first complaint, which the *Mignin* complaint "essentially parrot[s]." *See Chacanaca*, 2011 WL 13141425, at *3. As shown by a comparison of each complaint, the *Mignin* complaint copies the *Thames* complaint nearly word for word, apart from sensible substitutions, such as the different Plaintiff's name. *See* Fisher Decl. ¶¶ 5-6, Ex. B. It would appear that the *Mignin* counsel relied heavily (if not entirely) on Bursor & Fisher's investigation. But Bursor & Fisher conducted extensive pre-complaint investigative work. And the complaint itself cannot provide the depth of knowledge gained from months of research concerning scientific articles, as well as research concerning potential consulting experts. Accordingly, "it makes sense" for Bursor & Fisher "to continue as counsel in a case that appears to be essentially the product of their work and design." *See Chacanaca*, 2011 WL 13141425, at *3.[1] And appointment of interim class counsel reduces the probability that additional cases merely parroting the complaint will be filed.

[1] Similarly, courts outside of this circuit have heavily weighed the substantial investigative work of counsel whose work then serves as a "template" for others who file similar cases. *See In re GSE Bonds Antitrust Litig.*, 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019) ("With that and other relevant factors in mind, the Court concludes that Scott+Scott and Lowey Dannenberg have presented the most compelling case, for several reasons. First, Scott/Lowey represent the plaintiffs who filed the

Because the *Mignin* action seeks to represent a nationwide class based on the exact same factual predicate, there is a risk of compromising the interests of the overlapping class. Given the considerable knowledge Bursor & Fisher has gained through extensive investigation, Bursor & Fisher believes it is best suited to protect the interests of the class during precertification activities. For example, the Notes contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled, and discovery will be necessary before a class certification motion is filed. Furthermore, discovery in this matter may be complicated and may require negotiations and motions prior to class certification. Bursor & Fisher's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice, without any race to the bottom. As precertification activities proceed, appointment of interim lead counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class.

### 2. <u>Proposed Interim Class Counsel Has Considerable Experience Handling Class Actions</u>

The second factor courts must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Bursor & Fisher has handled dozens of consumer class actions like this one and have recovered hundreds of millions of dollars for class members. In particular, Bursor & Fisher has substantial experience handling consumer protection class actions, including those involving

first of these consolidated actions . . . . In preparing that complaint, Scott/Lowey did substantial investigative work and invested significant resources. Indeed, the Scott/Lowey complaint is clearly the template for the great majority of the cases filed since and here consolidated. Scott/Lowey's 'work . . . in identifying or investigating potential claims in the action,' Fed. R. Civ. P. 23(g)(1)(A)(i), weighs in favor of appointment.").

allegations of consumer deception. The firm's attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States. Fisher Decl. ¶ 8.

Bursor & Fisher has extensive class action experience and a track record of success, including certification of contested nationwide and multi-state classes. *See*, *e.g.*, *Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (E.D. Cal. Mar. 29, 2019); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017); *Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal. Mar. 31, 2016) (California, Delaware, D.C., Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia classes of purchasers of Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of Hyland's cold and flu products).

Bursor & Fisher has also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively, at the time). Fisher Decl. ¶ 8. Moreover, in *Hendricks v. StarKist Co.*, Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members. *Id.* At the time, this was believed to be the largest number of claims ever submitted in a Rule 23 class action. *Id.*

Bursor & Fisher has also proven that it can – and will – take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008. *Id.* at ¶ 10. Most recently in May 2019, Bursor & Fisher secured a jury verdict and judgment that the defendant violated the Telephone Consumer Protection Act 534,712 times, entitling class members to $267 million in statutory damages. *See Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal. Sep. 9, 2019) (final judgment entered for $267 million); *Perez v. Rash Curtis & Associates*, 2020 WL1904533, at *21 (N.D. Cal. Apr. 17, 2020) (upholding $267 million award and noting "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result").

**3. Proposed Interim Class Counsel Is Knowledgeable Regarding the Applicable Law**

Proposed interim class counsel are also knowledgeable about the law applicable to instant claims, as demonstrated by their experience litigating other multi-state class actions. As set forth above, the attorneys of Bursor & Fisher have a long track record of successfully litigating large-scale consumer and complex actions and are also familiar with the applicable laws and practices of this District. Additionally, Bursor & Fisher has substantial experience handling cases like this one.

In particular, Bursor & Fisher has an extensive focus on litigation concerning harmful chemicals in consumer product and is developing a niche expertise in this area that will benefit the class. *See* Fisher Decl. ¶ 11. Bursor & Fisher has emerged as one of the leading firms in contamination and toxic-exposure consumer class action litigation in the country. For example, Bursor & Fisher represents consumers who purchased various products containing per-and polyfluoroalkyl substances (PFAS), a group of harmful chemicals that is the subject of a developing, complex area of consumer-protection law. *Id.* The firm secured the second favorable ruling on a PFAS-theory involving similar claims to those alleged here. *See Dawood v. Gamer Advantage LLC*, 2022 WL 3108846, at *1 (E.D. Cal. Aug. 4, 2022). Bursor & Fisher closely follows developments in ongoing cases involving harmful chemicals, whether or not it is actively involved in litigating those cases. Bursor & Fisher will marshal this growing body of knowledge and expertise for the benefit of class members here.

**4. Proposed Interim Class Counsel Will Commit to the Case Whatever Resources Are Necessary**

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports Bursor & Fisher's appointment. Bursor & Fisher is a well-established, successful law firm that has the resources and personnel necessary to pursue a case of this magnitude, as it has demonstrated in numerous similar class actions. Bursor & Fisher has an office conveniently located within this District. Fisher Decl. ¶ 14. As a result, the firm can fully utilize its resources and knowledge of local practice while minimizing attorneys' fees and costs, including for travel to court hearings. Bursor & Fisher has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members

of the proposed class. The firm's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the putative class. Bursor & Fisher's ability to draw from this well-developed repository of information will also allow it to streamline the litigation.

Notably, other courts have opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases. For instance, Chief United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014). Fisher Decl. ¶ 12, Ex. D. Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." *Id.* Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.* (citation omitted).

The same is true with respect to this action. As interim class counsel, Bursor & Fisher will continue to commit the same resources and effort to this case as it has committed to its other, successful consumer class action litigations. And a single-firm leadership structure will serve the interests of efficiency, in terms of work-product, costs, and otherwise. *See Williams*, 18-cv-01881, (N.D. Cal. June 26, 2018), ECF. No. 51 at *3 ("Shared leadership structure are disfavored for their tendency to complicate and bloat the litigation.").

### 5. <u>Proposed Interim Class Counsel Will Reflect the Diversity of the Class and the Bar and Feature Newer Lawyers</u>

Additionally, appointment of Bursor & Fisher comports with this Court's consideration of whether appointments reflect the diversity of the proposed class and allow opportunities for newer lawyers. Plaintiffs Bursor & Fisher has up to twenty-four lawyers available to staff this action, and each of those lawyers focuses on plaintiffs' class action litigation. Fisher Decl. ¶ 13. The primary litigation team will be led by L. Timothy Fisher, Elvia M. Lopez, and Sean L. Litteral. The proposed

team offers gender, age, life experience diversity and excellent professional experience to lead this case to a successful resolution on behalf of all class members.

**L. Timothy Fisher.** Mr. Fisher received his Juris Doctorate from Berkeley Law in 1997. Mr. Fisher has an active practice in consumer class actions, has successfully handled a large number of civil appeals, and has won five jury trials, all of which produced significant relief for class members. Mr. Fisher has taught appellate advocacy at John F. Kennedy University School of Law and, in 2010, he contributed jury instructions, a verdict form and comments to the consumer protection chapter of Justice Elizabeth A. Baron's California Civil Jury Instruction Companion Handbook (West 2010). Mr. Fisher is committed to active mentorship and providing meaningful opportunities for leadership to newer attorneys.

**Elvia M. Lopez.** Ms. Lopez earned her Juris Doctorate from Berkeley Law, as well as a concurrent master's degree in Social Innovation and Entrepreneurship from the London School of Economics and Political Science. As a first-generation Chicana, Ms. Lopez brings multi-faceted experience, from organizing workers to working with C-suite executives of the largest Latin American multinational companies to implement sustainable business practices. Following law school, Ms. Lopez clerked for the Honorable Daniel E. Winfree of the Alaska Supreme Court and the Honorable Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California. As a third-year associate, Ms. Lopez focuses her practice on consumer class actions, including a wide variety of cases involving widely used products containing harmful chemicals.

**Sean L. Litteral.** Mr. Litteral, a third-year associate, holds degrees from Berea College, the London School of Economics and Political Science, and Berkeley Law. Mr. Litteral has worked in various states, including as a Teach for America corps member in Jacksonville, Florida. Mr. Litteral clerked for the Alaska Supreme Court and has published various articles as a practitioner in the UC Davis Environmental Law & Policy Journal, the Harvard Latinx Law Review, and the Stanford Law and Policy Review. Mr. Litteral dedicates much of his practice to consumer class actions concerning harmful chemicals and substances, including heavy metals, genetically modified ingredients, and PFAS.

Importantly, Mr. Fisher, Ms. Lopez, and Mr. Litteral have the relevant experience to prosecute this case successfully, and neither Ms. Lopez nor Mr. Litteral have been designated as the lead attorneys in prior matters. The appointment of this team will thus not only provide experience matching the diversity of the class, but also allow newer attorneys to take an important leadership role.

## V. CONCLUSION

For the reasons stated above, Plaintiff Thames respectfully requests that the Court appoint L. Timothy Fisher, Elvia M. Lopez, and Sean L. Litteral of Bursor & Fisher to serve as interim class counsel. In this particular case, the first ever titanium dioxide consumer class action case, Bursor & Fisher's substantial investigation, complemented by the firm's extensive class action experience, demonstrate that it is the firm best able to represent the class.

Dated: August 19, 2022

**BURSOR & FISHER, P.A.**

By: /s/ *L. Timothy Fisher*

L. Timothy Fisher (Bar No. 191626)
Elvia M. Lopez (State Bar No. 331986)
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
elopez@bursor.com
slitteral@bursor.com

*Attorneys for Plaintiff*